AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>MICHAEL PAUL GILLIS<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)<br>)         3:22-mj-1051-PDB<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 2, 2022__ in the county of __Duval__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) | knowing possession of child pornography |

This criminal complaint is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Leigh Jackson, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/2/2022

_____
*Judge's signature*

City and state:   Jacksonville, Florida        Patricia D. Barksdale, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Leigh Jackson, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since August 2010. I am currently assigned to the Jacksonville, Florida Division of the FBI, where I conduct investigations involving, among other criminal offenses, the sexual exploitation of children. I was employed as a Commissioned Officer in the United States Coast Guard for approximately 4 years. I hold Bachelor's degrees in Criminal Justice and Psychology. I have also received law enforcement training from the FBI Academy at Quantico, Virginia. Prior to the Jacksonville, Florida Division of the FBI, I was assigned to San Antonio, Texas, San Juan, Puerto Rico and Miami, Florida Divisions of the FBI, where I primarily conducted investigations involving among other criminal offenses, material support to terrorism. Since transitioning to the Jacksonville, Florida Division, I am a member of the Jacksonville, Florida Division's Evidence Response Team (ERT) and have been so since approximately February 2019. In performance of my duties, I have been involved in searches of residences relating to the solicitation, production, receipt, distribution, possession of, and access with intent to view child pornography during the execution of search warrants. In my current position, I have worked with experienced Special Agents who also investigate child exploitation offenses, and have assisted in the prosecution of cases involving these offenses.

2. Specifically, I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children that constituted

violations of 18 U.S.C. §§ 2251, 2252, and 2422(b).  As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

3. The statements contained in this affidavit are based on information I obtained from my personal observations as well as from records and information directly provided to me by other law enforcement officers and personnel.  This affidavit is being submitted for the limited purpose of establishing probable cause for the filing of a criminal complaint, and I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that MICHAEL PAUL GILLIS has committed a violation of 18 U.S.C. § 2252(a)(4)(B), that is, knowing possession of visual depiction of minors engaged in sexually explicit conduct.

4. This affidavit is made in support of a criminal complaint against MICHAEL PAUL GILLIS, that is, on or about February 2, 2022, in the Middle District of Florida, MICHAEL PAUL GILLIS did knowingly possess a matter, that is, a WD Blue PC Hard Drive, model number WD10EZEX – 75WN4A0, serial number WCC6Y1YCRZEA, which contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depictions

2

involved the use of minors engaging in sexually explicit conduct, the visual depictions were of such conduct, and at least one of which depictions involved a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2).

5. On or about January 31, 2022, FBI Special Agent Marisa Cowdry applied for and obtained a federal search warrant for the premises located at 12220 Cap Ferrat Street, Jacksonville, Florida 32224. I have reviewed the affidavit in support of the application for this search warrant and I am familiar with the facts contained therein. This warrant authorized the search of the residence located at 12220 Cap Ferrat Street, Jacksonville, Florida 32224, the residence of MICHAEL PAUL GILLIS, for fruits, evidence, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, that is, distribution, receipt, and possession of, and access with intent to view, child pornography. This search warrant was issued by United States Magistrate Judge Monte C. Richardson in Case No. 3:22-mj-1041-MCR.

6. On February 2, 2022, I, together with other FBI agents and personnel and law enforcement officers, executed this federal search warrant at the residence located at 12220 Cap Ferrat Street, Jacksonville, Florida 32224. MICHAEL PAUL GILLIS was at the residence. After securing the residence, I approached GILLIS for a possible interview. GILLIS agreed to speak with me and FBI Special Agent Daniel Moxley for an interview outside in front of the residence and next to an official government vehicle. This interview was recorded on audio. I introduced

myself to GILLIS as a Special Agent for the FBI and presented my badge and credentials. I informed GILLIS that he was not under arrest and speaking to me was completely voluntary. I informed GILLIS that a search warrant was being executed at his residence. GILLIS confirmed his name was "Michael Paul Gillis", his date of birth is 07/XX/1957, and his physical address was 12220 Cap Ferrat Street, Jacksonville, Florida 32224. GILLIS moved into the residence in January 1994. After being advised of his constitutional rights, GILLIS acknowledged those rights, waived those rights, and agreed to speak with us. During his interview, GILLIS stated in substance, and among other things, the following:

    a.    GILLIS has had Comcast Internet at the residence for the past five or six years. The Internet is in his name and is password-protected and no one knows the password except GILLIS. GILLIS has a Dell laptop computer and a Dell desktop computer that he uses to connect to the Internet. GILLIS uses different Internet browsers for specific types of activity on the Internet and uses private mode when viewing pornography because it doesn't "keep everything in the browser." GILLIS considers himself technically sophisticated with computers and installed a LINUX operating system on his desktop computer.

    b.    GILLIS has accessed the dark web and has seen child pornography on the dark web and the "open web" but has never reported it. GILLIS has downloaded child pornography from Freenet or TOR (another file

4

sharing network) "several times" over a period of several years. GILLIS last downloaded Freenet approximately one month ago but has since deleted it. GILLIS has used Freenet "off and on" for at least 10 years.

        c.     GILLIS would seek out rooms that was indicative of containing child pornography. Freenet had "more options" than other browsers, such as "different rooms with different type of materials," which he acknowledged meant rooms that contained nude children, penetration, and children engaged in oral sex. GILLIS downloaded "mostly young teen," and acknowledged he has viewed and downloaded child pornography of children as young as three years old.

        d.     GILLIS would find message boards on Freenet with search terms involving "teens and preteens", and acknowledged he used terms such as "pthc," which he defined as "preteen hardcore." GILLIS also used the search term "Lolita." After searching for "pthc," results displayed nude children and children engaged in sexual intercourse. After searching for "pthc," GILLIS would observe children engaged in sexually explicit conduct and download those videos. GILLIS has used both his laptop and his desktop computer to download child pornography, but GILLIS deleted the child pornography from his laptop "several weeks ago" and he stated it was because "I know I shouldn't do it" and "it's a fantasy", and acknowledged it is illegal.

        e.     There is currently child pornography located on GILLIS's

5

desktop computer in the downloads folder and GILLIS estimated there to be a "couple hundred" videos of child pornography on it. GILLIS does not use his cellular phone to download child pornography. GILLIS does not use social media to seek out children online and acknowledged his sexual interest in children is limited to downloading and viewing child pornography online. GILLIS has uploaded child pornography to his desktop computer. GILLIS then provided the password to his desktop computer.

    f. GILLIS has "never touched anybody" but has thought about touching a child. GILLIS was employed as a school teacher and would fantasize about touching children inappropriately but never acted on it.

    g. GILLIS voluntarily unlocked his laptop computer using his fingerprint.

    h. GILLIS does not believe he is a danger to anyone but acknowledged by watching child pornography he contributes to children being harmed. GILLIS deletes child pornography because he knows its morally wrong and illegal but acknowledged he continues to seek out new child pornography because he is unable to stop the urge to view it. GILLIS masturbates to child pornography in the privacy of his own home but his ability to do so decreasing.

    i. GILLIS would search for rooms on TOR that had titles indicative of child pornography, and named specific rooms as "Alice in

Wonderland," "Torpedo," and "Rindexx."

    j.    GILLIS's laptop computer and his desktop computer are the only electronic devices in his residence that will contain child pornography on them.

    k.    I showed GILLIS a video titled "Emma – Blowjob Adair Part 2 2011.mpg", which GILLIS stated he has seen but "didn't like it" and accidentally downloaded it. GILLIS stated it was "more likely" downloaded on TOR. GILLIS estimated the child in the video to be approximately three or four years old and agreed that the child was engaged in sexually explicit conduct.

    l.    GILLIS confirmed he has a couple hundred "items" of child pornography, which he clarified "items" meant images and videos of child pornography. GILLIS estimated there have been "a couple thousand downloads" of child pornography and legal child nudity over the past 10 years. GILLIS acknowledged he has probably been viewing and downloading child pornography for the past 15 years. GILLIS was viewing child pornography while employed as a teacher.

    m.    GILLIS again stated he fantasized about touching a child but never acted on it and never took inappropriate photos of a child. GILLIS acknowledged that the protection of children is a worthwhile mission. GILLIS stated the urge to view child pornography is slowly dying away but acknowledged it has taken 20 years to do so, but stated he "is getting closer." GILLIS does not have

7

or has never had access to a child that he has touched inappropriately.

n. At this point in the interview, FBI Special Agent Eric Petersen was present. I again asked GILLIS about the video titled "Emma – Blowjob Adair Part 2 2011.mpg". GILLIS searched terms such as "pthc" and "Lolita" to identify rooms that contain child pornography. GILLIS would then download groups of files from those rooms that he believed to be child pornography. Referring to the video I previously showed to GILLIS, he stated "it was so degrading it doesn't appeal to me." GILLIS again acknowledged he preferred to view material with children that were at least ten years old.

7. Also on February 2, 2022, FBI Staff Operations Specialist (SOS) G. Meyer, who participated in the search of GILLIS's residence, advised me that a Dell Inspiron desktop computer, service tag number 4TD3KB2, was located on a desk inside the office of GILLISs' residence. SOS Grace Meyer advised me that this item was provided to Forensic Examiner Timothy McCrohan to conduct an onsite preview of the Dell Inspiron desktop computer's hard drive.

8. FBI Computer Scientist (CS) Timothy McCrohan, who participated in the search of GILLIS's residence and computer media, advised me that while on scene conducting an onsite preview of the WD Blue PC Hard Drive, model number WD10EZEX – 75WN4A0, serial number WCC6Y1YCRZEA, contained within the Dell Inspiron Desktop computer, FE McCrohan located video files titled "11yo girl

fuck.mkv" and "Little girl big cock.avi" which were in a subfolder titled "04a" contained within a folder titled "downloads". I viewed the video files titled "11yo girl fuck" and "Little girl big cock" which are described below:

FILENAME: 11yo girl fuck.mkv

DESCRIPTION: A color video with audio approximately 1 minute and 36 seconds (1:36) in length depicting a nude prepubescent female child lying on her back with her legs spread. The child has a complete absence of any pubic hair and minimal breast development. Throughout the entire video, a nude age-difficult male individual vaginally penetrates the child with his erect penis. On multiple occasions throughout the video, the camera zooms in on the child's vaginal area as she is being vaginally penetrated. Based on my training experience, I have probable cause to believe that this video depicts a minor engaged in sexually explicit conduct, that is, genital-genital sexual intercourse, and therefore constitutes child pornography pursuant to Title 18, United States Code, Section 2256.

FILENAME: Little girl big cock.avi

DESCRIPTION: A color video approximately 45 seconds (0:45) in length depicting a nude prepubescent female child lying on her back with her legs spread. The child has a complete absence of any pubic hair and child-sized body relative to the size of the adult male. At approximately 1 second (0:01) into the video, the adult male anally penetrates the child with his erect penis. At

9

approximately 24 seconds (0:24) into the video, the adult male rubs his erect penis over the child's vagina, then vaginally penetrates the child with his erect penis for the remainder of the video. Based on my training experience, I have probable cause to believe that this video depicts a minor engaged in sexually explicit conduct, that is genital-genital sexual intercourse, and therefore constitutes child pornography pursuant to Title 18, United States Code, Section 2256.

9. Also on February 2, 2022, I observed CS McCrohan conducting an onsite preview of GILLIS's WD Blue PC Hard Drive, model number WD10EZEX – 75WN4A0, serial number WCC6Y1YCRZEA, and observed the titles of video files indicative of containing child pornography, which included, but are not limited to, "Washing Room – 10yo Girl Is Giving A Blow Job.avi", "12yr fuck.mp4", and "Anal_with_12_year_old.mp4".

10. I have observed the WD Blue PC Hard Drive, model number WD10EZEX – 75WN4A0, serial number WCC6Y1YCRZEA which has a trade inscription that reads "Product of Thailand."

11. Also on February 2, 2022, I spoke with Assistant United States Attorney Rodney Brown by telephone and advised him of, among other things, the information set forth above, and he authorized the arrest of GILLIS for knowing possession of child pornography.

10

12. Based upon the foregoing facts, I have probable cause to believe that on or about February 2, 2022, in the Middle District of Florida, MICHAEL PAUL GILLIS did knowingly possess a matter, that is, WD Blue PC Hard Drive, model number WD10EZEX – 75WN4A0, serial number WCC6Y1YCRZEA, which contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, the visual depictions were of such conduct, and at least one of which depictions involved a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2).

LEIGH JACKSON, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this
___2nd___ day of February, 2022, at Jacksonville, Florida.

PATRICIA D. BARKSDALE
United States Magistrate Judge

11